IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 05-00088 HG-01 |
| Plaintiff, | ) | |
| vs. | ) | |
| CHARLES HOPE SMITH, | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO THE FIRST STEP ACT (ECF No. 39)**

Defendant Charles Hope Smith has filed a motion for reduction of sentence pursuant to the First Step Act, Pub. L. No. 115-391. Defendant is eligible to receive a sentence reduction.

Defendant's Motion for Sentence Reduction (ECF No. 39) is **GRANTED**.

Defendant's sentence is reduced from 240 months to 204 months.

**PROCEDURAL HISTORY**

On March 23, 2005, Defendant pled guilty to a single-count Information charging him with knowingly and intentionally distributing 50 grams or more of cocaine base, pursuant 21 U.S.C. § 841(a)(1). (ECF Nos. 20, 29).

On August 29, 2005, the Judgment was filed imposing a

1

sentence of 240 months of incarceration. (ECF No. 29).

On January 10, 2019, the Court issued a Minute Order stating that Defendant Charles Hope Smith "has been identified as a defendant who may be eligible for relief pursuant to the First Step Act." The Federal Public Defender was appointed as counsel to represent Defendant in seeking relief pursuant to the First Step Act. (ECF No. 38).

On May 1, 2019, Defendant filed a MOTION FOR REDUCTION OF SENTENCE PURSUANT TO THE FIRST STEP ACT. (ECF No. 39).

On May 20, 2019, the Government filed GOVERNMENT'S NON-OPPOSITION TO DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO THE FIRST STEP ACT. (ECF No. 41). The Government stated that it has no objection to the Defendant's motion for reduction of sentence.

## **ANALYSIS**

### **A. The Court May Modify Imposed Terms of Imprisonment Pursuant to 18 U.S.C. § 3582**

The Court's authority to modify an imposed term of imprisonment is limited to the extent expressly permitted by statute. Generally, district courts cannot modify imposed terms of imprisonment once they have been imposed. 18 U.S.C. § 3582(c). Congress has authorized courts to modify imposed terms of imprisonment in some limited circumstances, which are outlined in 18 U.S.C. § 3582(c). Relevant here, subsection (c)(1)(B)

authorizes a court to modify an imposed term of imprisonment to the extent otherwise **expressly permitted by statute**. 18 U.S.C. § 3582(c)(1)(B) (emphasis added). Section 404(b) of the First Step Act provides this express statutory authorization. United States v. Mason, 2019 WL 2396568, at *3 (E.D. Wash. June 6, 2019).

**B.    The First Step Act**

On December 21, 2018, the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, was signed into law.  The First Step Act implements various reforms to the criminal justice system, including lowering sentences imposed for possession of crack cocaine pursuant to the Fair Sentencing Act of 2010, Pub. Law 111-220; 124 Stat. 2372.

**C.    Defendant's Motion for Reduction of Sentence**

Defendant filed a motion for reduction of sentence pursuant to the First Step Act.  Defendant seeks a reduction of sentence from 240 months to 204 months of incarceration.  The Government does not oppose the Defendant's motion.

Section 404 of the First Step Act permits the district courts to reduce a sentence retroactively based on the revised statutory penalties of the Fair Sentencing Act of 2010, Pub. Law 111-220; 124 Stat. 2372.  See First Step Act § 404(a).  The Fair Sentencing Act of 2010 modified the statutory sentencing ranges for crack cocaine offenses.  The Court's authority to reduce a sentence applies to:

(1) federal offenses;

(2) committed before August 3, 2010, the effective date of the Fair Sentencing Act; and

(3) for which the Fair Sentencing Act changed the statutory penalty range, *i.e.* certain crack cocaine offenses.

See First Step Act, § 404(a).

The Presentence Investigation Report states that Defendant was responsible for 77.2 grams of cocaine base. (PSR at ¶ 19). Defendant received a total offense level of 34 and a criminal history category of VI. (PSR at ¶ 59). The Presentence Investigation Report states that Defendant received a Sentencing Guidelines range of 262-327 months. (Id.)

The Court sentenced Defendant to 240 months of incarceration.

Defendant is eligible for relief pursuant to the First Step Act. Defendant pled guilty to knowingly and intentionally distributing 50 grams or more of cocaine base, a covered offense pursuant to the First Step Act. See First Step Act § 404. Defendant's offense was committed before August 3, 2010.

The First Step Act makes clear that sentence reductions are discretionary. See First Step Act § 404(c). The Court should consider the factors set forth in 18 U.S.C. § 3553(a) in exercising its discretion. See Mason, 2019 WL 2396568, at *6.

Defendant seeks a reduction of sentence from 240 months to

4

204 months imprisonment.  The Government does not oppose the motion.  The Court has considered the Defendant's history and conduct and finds the reduction requested by Defendant is appropriate and Defendant is eligible for relief pursuant to the First Step Act.

Defendant's Motion for Reduction of Sentence Pursuant to the First Step Act is **GRANTED.**

### CONCLUSION

Defendant's Motion for Reduction of Sentence Pursuant to the First Step Act (ECF No. 39) is **GRANTED.**

Defendant sentence is reduced from 240 months to 204 months imprisonment.

All other aspects of Defendant's sentence remain unchanged.

IT IS SO ORDERED.

DATED: July 3, 2019, Honolulu, Hawaii.

Helen Gillmor
United States District Judge